Martin *v.* Lincoln.

4L 289
6L 243
16L 308

MARTIN et al. *v.* LINCOLN et al

WIDOW. *Dower.* Creditors filed bills to enforce debts against real estate, which had been paid for by the husband, but title conveyed to a third party. The wife insisted she was entitled to the property under a parol trust, as conveyed to a third party for her benefit. The husband died pending the litigation. The wife then claimed dower, by an amended pleading, in the event she failed to establish the trust. This Court held the trust could not be set up against creditors, not being in writing or registered, but that she was entitled to her dower. and was not

Martin *v.* Lincoln.

estopped from asserting her right to it, by having claimed and contended for the beneficial interest under the assumed parol trust.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. R. J. MORGAN, Ch.

T. B. TURLEY and W. M. SMITH for Complainants.

W. H. CARROLL and W. D. BEARD for Defendants.

FREEMAN, J., delivered the opinion of the Court.

An opinion was delivered heretofore in these cases, holding that the creditors of the husband were entitled to appropriate the house and lot bought by the husband and conveyed to Love (as was contended by respondents) in trust for Mary A. Lincoln, the wife.

The question is now presented as to the right of the wife to dower in the property, the husband having died pending the litigation. After his death the wife filed what is called an amended answer in substance a petition, asking that in the event her claim of the trust should be disallowed, that she be entitled to dower in the property in controversy.

This is certainly not the formal mode in which such a claim should be presented, and if the stric' rules of pleading were enforced, she would be re,

quired to institute a regular proceeding to assert her right. But as the property has now to be sold, and this litigation has been in process since 1865, and if this question is left open it will seriously interfere with the price, probably, at the sale, we think it best to dispose of. it.

The case stands on the legal title in Love, with a clear resulting trust in favor of the husband, and a claim asserted by the wife in opposition to the creditors, that she was entitled to the beneficial interest by a parol trust, raised by proof that the conveyance to Love was for her. We held this parol trust could not be set up, even if proven, not being in writing and registered, as against the creditors of the husband.

We think it equally clear, however, that the creditors appropriate the property subject to such rights as the wife had by law in his estate.

The husband was equitable owner of this land. It is settled that the wife of Love, if he had died with the naked legal title in him, would not have been entitled to dower: *Ganaway* v. *Tarpley,* 1 Cold., 580-1.

The right claimed was under the attempted parol trust, but that has been declared invalid. If the wife of the holder of the legal title would have no dower it would seem an anomalous state of things to say that here is real estate where there is no dower right, though there should be two husbands and two wives, at their deaths. The wife of the real owner of the land must have

this right, unless she has parted with it, or the claim of the creditors in some other way overrides it.. There is nothing in the nature of the creditors' claim to do this. In fact, their claim goes on the idea that the right is yet in the husband as their debtor, which they seek to appropriate to their debts. He dying before they have effectuated their claim, they must enforce it subject to the burdens imposed upon it by law in favor of the widow. Nor can it be successfully maintained on any sound principle, that, by defeating her claim to a trust, their rights have been added to in any degree, or increased, as against the lands of the husband. This would be the result if the widow's claim to dower is rejected.

We do not tnink there is anything in the case to work an estoppel against her claim to dower. The right of dower is one favored in law, and it would be an extreme application of the doctrine of estoppel to apply it in this case to defeat that right.

The result is, the widow is entitled to dower in the lot, and it will be so decreed.